IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNETTA HOLDER, | : | |
| Plaintiff, | : | |
| v. | : | |
| UNIQUE CREATIONS HAIR STUDIOS, LLC , | : | CIVIL ACTION NO. 1:16-cv-00692-AT |
| Defendant. | : | |

## ORDER

This case is currently before the Court on the parties' Stipulation and Order of Dismissal Without Prejudice [Doc. 14] attempting to resolve this case brought pursuant to the Fair Labor Standards Act without the Court's review and approval because Plaintiff is receiving full payment for her claim.

The Court notified the parties that under the Court's decision in *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 602 (N.D. Ga. 2014), a settlement agreement, a stipulation, or an offer of judgment that purports to provide an FLSA plaintiff full compensation for her claim requires court approval under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). "To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for "full compensation" or an offer of judgment) involves a "compromise," and *Lynn's Food* requires judicial approval of the compromise." *Walker*, 300 F.R.D. at 603

(quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1240). "Moreover, the Eleventh Circuit has affirmed that '[o]n its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due.'" *Id.* ( quoting *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009); *see also Wolff v. Royal Am. Mgt. Inc.*, 545 F. App'x. 791, 794–95 (11th Cir. 2013) (finding no reason to depart from *Lynn's Food*, which "directs a district court to enter a judgment after 'scrutinizing' for fairness a proposed settlement [purported to include full relief] entered into between the employee and the employer in an action brought for back wages under the FLSA."). Thus, counsel's contention in a Stipulation of Dismissal that Plaintiff is receiving full payment does not exempt the offers from the Court's review to determine whether Plaintiff's FLSA rights have been abridged through compromise.

The Court conducted a conference with the parties to discuss the terms of the parties' proposed settlement resolution and questioned counsel regarding the computation of the amount paid to Plaintiff as unpaid overtime. After discussion with counsel, the Court finds the settlement is fair, adequate, and reasonable.

Accordingly, the Court **APPROVES** the Stipulation of Dismissal. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 26th day of October, 2016.

_____
**Amy Totenberg
United States District Judge**